UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-CR-68-TBR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

CHICOBY SUMMERS,                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon four motions made by Defendant Chicoby Summers ("Summers"). These matters, discussed more fully below, are ripe for adjudication. For the following reasons, Summers' Motions for Discovery [DN 37] and Disclosure [DN 39] are both **DISMISSED AS MOOT.** Summers' Motion for Release of Brady Materials [DN 38] is **DENIED.** Summers' Motion to Compel Production of Search Warrant & Extension of Time [DN 40] is **DISMISSED AS MOOT** as to the extension of time request, and **GRANTED** as to the production of the search warrant.

**I. Background**

This case arises out of allegations that Summers, a person who has been previously convicted of a felony, illegally possessed multiple firearms. [DN 8.] A trial in this matter has been scheduled for December 11, 2017. [DN 33.] In anticipation of this, Summers has filed multiple motions relating to discovery and pretrial issues, which are discussed in detail below.

**II. Summers' Motion for Discovery**

The first motion at issue is Summers' Motion for Discovery. [DN 37.] The United States has responded. [DN 46.] In this Motion, Summers asks the Court to order the United States to permit Summers to copy certain items within the United States' possession, custody, or control,

or that may become known to the United States through due diligence. [DN 37, at 1.] In response, the United States argues that Summers' Motion merely asks for those items already discoverable under Federal Rule of Criminal Procedure 16 and, as a result, the Motion is moot. [DN 46, at 1.] The Court agrees.

Pursuant to Federal Rule of Criminal Procedure 16, there are certain materials which, upon request by the defendant in a criminal case, the government must disclose. Fed. R. Crim. P. 16. However, this Court already ordered the United States to comply with Rule 16 in its August 24, 2017 Scheduling Order. [DN 33, "The parties shall comply with Rule 16."] The United States has acknowledged its continuing duty to supplement any discovery, and has noted to the Court in its Response to the instant Motion that, "to the extent such discoverable materials were in the government's possession, they have been provided." [DN 46, at 1.]

Summers' Motion also requests an order from the Court directing the United States to disclose written summaries of expert testimony the United States intends to use during its case-in-chief. [DN 37, at 1.] In its Response, the United States includes summaries for Special Agent Matthew Johnson and Technician Ernest Jones, the expert witnesses the United States plans to call during its case-in-chief. [DN 46, at 2.] The Court is satisfied that the United States has complied, and will continue to comply, with its discovery obligations under Federal Rule of Criminal Procedure 16. As such, this Motion has been rendered moot, and it is dismissed.

### III. Summers' Motion for Release of Brady Materials

Summers' second motion seeks the release of *Brady* materials. [DN 38.] The United States has replied. [DN 45.] The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). Pursuant to the Supreme Court's

decision in *Brady*, the government possesses an "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). Importantly, "[m]ateriality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n.20 (1976)). The obligation placed upon the government pursuant to *Brady* includes the duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). Lastly, where the prosecution denies the existence of such exculpatory information under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

The United States argues in its Response to this Motion that, while it "recognizes its duties under *Brady*, [Summers'] request…is broader than the duties defined in *Brady* and *Giglio*, and thus should be denied." [DN 45, at 1.] Specifically, the United States argues that it is not required to disclose "evidence available to the defense from other sources," nor "evidence the defense already possesses," nor "evidence that the United States could not reasonably be imputed to have knowledge of or control over," nor "evidence that might lead to other evidence." [*Id.* at 1-2.] Additionally, the United States argues that "statements of witnesses (Jencks material) need not be disclosed until after the witness testifies....If a statement constitutes both Brady and Jencks material, *Jencks* 'trumps' *Brady* and disclosure is not required until after the witness testifies." [*Id.* at 2 (citing *Presser*, 844 F.2d at 1275, 1283 and *Bencs*, 28 F.3d at 561).]

The Court holds that, to the extent Summers seeks disclosure of evidence which falls outside the scope of *Brady* and *Giglio*, this Motion should be denied as overbroad. As the Sixth Circuit has noted, "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Presser*, 844 F.2d at 1281. The Court is satisfied with the United States' acknowledgement that it recognizes its *Brady* and *Giglio* duties "and will comply with those duties." [DN 45, at 1.] The United States is reminded, however, that it shall comply with these duties under *Brady* and *Giglio* "in time for its 'effective' use at trial." *Presser*, 844 F.2d at 1283. The Court encourages early disclosure.

### IV. Summers' Motion for Disclosure

Summers' third motion is one seeking an order from the Court directing the United States to provide notice of its intention to use other crimes, wrongs or acts evidence under Federal Rule of Evidence 404(b). [DN 39.] The United States has responded. [DN 44.] However, pursuant to this Court's August 24, 2017 Scheduling Order, the United States has been ordered to "provide 404(b) evidence **three weeks prior to trial.** Any objections by defendant shall be filed within 7 days." [DN 33, at 1.] The United States has indicated to this Court that it "will include appropriate 404(b) notice three weeks prior to trial," as required. [DN 44, at 1.] That trial date is December 11, 2017. Consequently, Summers' Motion will be dismissed as moot.

### V. Summers' Motion to Compel Production of Search Warrant & Extension of Time

Summers' fourth motion is one seeking an order from this Court extending the deadline to file pretrial motions and a second order from this Court directing the United States to produce its search warrant. [DN 40.] Before this Court had occasion to rule on this motion, the Court and the parties adjusted the case's schedule, and Summers has since filed his Motion to Suppress.

[DN 42.] The Court sees no need to further alter or otherwise amend the new pretrial motions deadline and so Summers' motion is dismissed as moot on this point. With respect to Summers' second request of the Court, the United States has not filed any response or otherwise objected to the production of this document. Thus, the United States is hereby ordered to produce its search warrant if it has not already done so.

## VI. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1) Summers' Motion for Discovery [DN 37] is **DISMISSED AS MOOT.**

2) Summers' Motion for the Release of Brady Materials [DN 38] is **DENIED.**

3) Summers' Motion for Disclosure [DN 39] is **DISMISSED AS MOOT.**

4) Summers' Motion to Compel Production of Search Warrant & Extension of Time [DN 40] is **DISMISSED AS MOOT** as to the extension of time request, and **GRANTED** as to the production of the search warrant.

**IT IS SO ORDERED**

cc:     Counsel of record