FILED
VANESSA L. ARMSTRONG, CLERK
NOV 21 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

SUPERSEDING INDICTMENT

v.

NO. 3:17-CR-00068-TBR

**CHICOBY SUMMERS** (Counts 1-5) 01
**SHELBY STRONG** (Counts 1, 11-39) 03
**JERLEN HORTON** (Counts 1, 6-10) 04
**DERRICK HAMMOND**, a/k/a STOOK (Counts 1, 10, 36-39) 05
**LAKESHIA WATTS** (Count 1, 10) 06

18 U.S.C. § 371
18 U.S.C. § 842(i)(1)
18 U.S.C. § 844(a)
18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 922(d)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(g)(3)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(d)
18 U.S.C. § 924(n)
18 U.S.C. § 1512(c)(2)
18 U.S.C. § 1512(k)
18 U.S.C. § 2461

The Grand Jury charges:

COUNT 1
(Conspiracy to Possess a Firearm by a Prohibited Person)

**Introduction**

1. At all times relevant to the conspiracy, the Victory Park Crips are a violent street gang operating primarily on the west side of Louisville, Kentucky.

2. Members and associates of the Victory Park Crips use firearms to aid narcotics trafficking, and to preserve and protect power and reputation by intimidation and violence against rival gangs. The culture of the Victory Park Crips glorifies guns and violence. Firearms are a status symbol to members of the Victory Park Crips.

3. The culture of the Victory Park Crips attempts to prevent cooperation with law enforcement (also known as "snitching"). Members and associates use violence to intimidate, silence, and kill potential witnesses to stop cooperation with law enforcement. This activity empowers gang members to continue criminal activities.

4. At all times relevant to the conspiracy, defendants **DERRICK HAMMOND**, **CHICOBY SUMMERS**, and **JERLEN HORTON** were members of the Victory Park Crips.

5. At all times relevant to the conspiracy, **HAMMOND**, **SUMMERS**, and **HORTON** were convicted felons, and they had close relationships with each other as well as other felon members of the Victory Park Crips.

6. During the time of the conspiracy, **LAKESHIA WATTS** shared a residence with **HORTON** and had also been closely associated with members of the Victory Park Crips.

7. At all times relevant to the conspiracy, **SHELBY STRONG** was an associate of **HAMMOND**.

8. Federal law prohibits convicted felons from purchasing and possessing firearms. Federal law prohibits the transfer of firearms to convicted felons.

9. An ATF Form 4473 is a document required to be completed by the actual buyer of a firearm from any FFL. The ATF Form 4473, Section A must be completed by the actual buyer and must contain, among other information, the name and residence address of the actual buyer, along with the assurance that the buyer is the actual buyer of the firearm and is not acquiring the firearm on behalf of another person.

10. The firearms used and possessed by the Victory Park Crips were obtained in a variety of ways, including but not limited to the use of straw purchasers (associates who had no felony convictions or other known prohibitors and could lawfully purchase firearms). Members

of the gang also shared and transferred firearms amongst themselves, in order to commit acts of gang violence, to intimidate others, and to avoid arrest and prosecution.

## The Charge

11. From on or about February 25, 2017, through the present, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants,

**SHELBY STRONG,**
**DERRICK HAMMOND,**
a/k/a "Stook,"
**CHICOBY SUMMERS,**
**JERLEN HORTON, and**
**LAKEISHA WATTS,**

knowingly and intentionally conspired with each other and with others known and unknown to the Grand Jury to violate Title 18, United States Code, Section 922(g)(1).

## Purpose of the Conspiracy and Manner and Means

12. The object of the conspiracy is to obtain firearms for convicted felons.
13. It was part of the conspiracy that firearms were purchased for felons through the use of straw purchasers (associates who had no felony convictions and could lawfully purchase firearms).
14. It was further part of the conspiracy that firearms purchased by straw purchasers were transferred ultimately to convicted felons, aided and abetted by others.

## Overt Acts

The following overt acts were committed in furtherance of the conspiracy:

15. On or about February 25, 2017, defendant **SHELBY STRONG,** filled out an ATF Form 4473 at River City Firearms, a federally licensed dealer of firearms to purchase several firearms, including: FIREARM 1, a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551; FIREARM 2, a Taurus, Model PT111, 9 millimeter pistol, bearing

serial number TJU22775; and FIREARM 3, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJW83525. On ATF Form 4473, **SHELBY STRONG** checked "yes" in response to question 11(a), indicating that he was the "actual transferee/buyer" of the firearms.

16. On or about March 1, 2017, defendant **SHELBY STRONG** purchased and carried away FIREARMS 1-3 from River City Firearms.

17. On or about March 6, 2017, defendant **SHELBY STRONG** filled out an ATF Form 4473 at River City Firearms, a federally licensed dealer of firearms, to purchase firearms, including FIREARM 4, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJY69069. On ATF Form 4473, defendant **SHELBY STRONG** checked "yes" in response to question 11(a), indicating that he was the "actual transferee/buyer" of the firearm.

18. On or about March 10, 2017, defendant **SHELBY STRONG** purchased and carried away FIREARM 4 from River City Firearms.

19. On or about April 12, 2017, **CHICOBY SUMMERS** possessed FIREARM 3.

20. Also on or about April 12, 2017, **CHICOBY SUMMERS** possessed FIREARM 4.

21. On or about May 12, 2017, **JERLEN HORTON** possessed FIREARM 2.

22. On or about June 27, 2017, **JERLEN HORTON** possessed FIREARM 1.

In violation of Title 18, United States Code, Section 371.

The Grand Jury further charges:

COUNT 2

On or about April 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, **CHICOBY SUMMERS**, being a person who had been convicted in court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about October 9, 2014, **CHICOBY SUMMERS** was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 13-CR-3015, of Trafficking in a Controlled Substance First Degree and Tampering with Physical Evidence,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Taurus, Model PT809, 9 millimeter pistol with serial number TJY69069.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 3

On or about April 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, **CHICOBY SUMMERS**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about October 9, 2014, **CHICOBY SUMMERS** was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 13-CR-3015, of Trafficking in a Controlled Substance First Degree and Tampering with Physical Evidence,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Taurus, Model PT809, 9 millimeter pistol with serial number TJW83525, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 4

On or about April 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, **CHICOBY SUMMERS**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about October 9, 2014, **CHICOBY SUMMERS** was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 13-CR-3015, of Trafficking in a Controlled Substance First Degree and Tampering with Physical Evidence,

did knowingly possess, in and affecting commerce, a firearm, that is, a Zastava, 7.62 caliber pistol, Model PAP M92PV, bearing serial number M92PV053161 and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 5

On or about February 6, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, **CHICOBY SUMMERS**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about October 9, 2014, **CHICOBY SUMMERS** was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 13-CR-3015, of Trafficking in a Controlled Substance First Degree and Tampering with Physical Evidence,

did knowingly possess, in and affecting commerce, a firearm, that is, a Zastava, 7.62 caliber pistol, Model PAP M92PV, bearing serial number M92PV045470 and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The grand jury further charges:

COUNT 6

On or about February 17, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JERLEN HORTON**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is

> On or about February 3, 2015, **JERLEN HORTON** was convicted in Jefferson Circuit Court, Louisville, Kentucky, in Case Number 13-CR-2412, of Receiving Stolen Property (Firearm),

did knowingly possess, in and affecting commerce, a firearm, that is, a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 7

On or about May 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JERLEN HORTON**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is

> On or about February 3, 2015, **JERLEN HORTON** was convicted in Jefferson Circuit Court, Louisville, Kentucky, in Case Number 13-CR-2412, of Receiving Stolen Property (Firearm),

did knowingly possess, in and affecting commerce, a firearm, that is, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775 and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 8

On or about June 27, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JERLEN HORTON**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is

> On or about February 3, 2015, **JERLEN HORTON** was convicted in Jefferson Circuit Court, Louisville, Kentucky, in Case Number 13-CR-2412, of Receiving Stolen Property (Firearm),

did knowingly possess, in and affecting commerce, a firearm, that is, a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551 and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

COUNT 9

On or about June 27, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JERLEN HORTON**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is

> On or about February 3, 2015, **JERLEN HORTON** was convicted in Jefferson Circuit Court, Louisville, Kentucky, in Case Number 13-CR-2412, of Receiving Stolen Property (Firearm),

did knowingly receive and possess explosive materials, that is two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g, 3 inch display shells; and one Legend, 1.3g, 4 inch TI Salute shell which had been shipped and transported in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 842(i)(1) and 844(a).

The Grand Jury further charges:

COUNT 10

From on or about June 27, 2017 through the present, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JERLEN HORTON, DERRICK HAMMOND,** and **LAKESHIA WATTS**, and others known and unknown to the Grand Jury, knowingly conspired to corruptly obstruct, influence, and impede an official proceeding.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 1512(k).

The Grand Jury further charges:

COUNT 11

On or about September 14, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Mossberg, Model 715T, .22 caliber rifle, bearing serial number EK13280311 and a Standard Manufacturing, Model DP12, 12 gauge shotgun, bearing serial number DP03992.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 12

On or about October 24, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, an FNH Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310293 and a Ruger

Model LCP, .380 caliber pistol, bearing serial number 371766625, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 13

On or about October 24, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310293 and a Ruger, Model LCP, .380 caliber pistol, bearing serial number 371766625.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 14

On or about October 27, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, a

SCCY, Model CPX2, 9 millimeter pistol bearing serial number 372582 and a FNH, Model Five Seven, 5.7x28 millimeter caliber pistol, bearing serial number 386310335, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 15

On or about October 28, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, SCCY, Model CPX2, 9 millimeter pistol, bearing serial number 372582 and a FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310335.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 16

On or about November 3, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, a

Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JU964652, from Cabela's, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Cabela's, which was intended and likely to deceive Cabela's, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 17

On or about November 11, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JU964652.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 18

On or about November 9, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, a

FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310322 and a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ055496, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 19

On or about November 16, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310322 and a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ055496.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 20

On or about December 5, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV064626, an FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number 386310119, a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JX108653, and a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ059685, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 21

On or about December 9, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV064626, an FNH, Model Five Seven, 5.7x28 caliber pistol, bearing serial number

386310119, a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JX108653, and a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ059685.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 22

On or about February 25, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG**, in connection with the acquisition of a firearm, that is, a Tanfoglio, Model Witness, 9 millimeter pistol, bearing serial number MT26405, a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22247, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJW83525, and a Glock, Model 29, 10 millimeter pistol, bearing serial number BCNA646, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 23

On or about March 1, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Tanfoglio, Model Witness, 9 millimeter pistol, bearing serial number MT26405, a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22247, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJW83525, and a Glock, Model 29, 10 millimeter pistol, bearing serial number BCNA646.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 24

On or about March 6, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, that is, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJY69069, a Diamondback Arms, Model DB-15 5.56 millimeter pistol, bearing serial number DB-1826354, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJX19309, and a Tanfoglio, Model Witness, 9 millimeter pistol, bearing serial number MT26406, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was

intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 25

On or about March 10, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJY69069, a Diamondback Arms, Model DB-15 556 millimeter pistol, bearing serial number DB-1826354, a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJX19309, and a Tanfoglio, Model Witness, 9 millimeter pistol, bearing serial number MT26406.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 26

On or about March 20, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, that is, a Taurus Model PT111, 9 millimeter pistol, bearing serial number TKN84123, and a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JY117233, from River

City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 27

On or about March 20, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Taurus Model PT111, 9 millimeter pistol, bearing serial number TKN84123, and a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JY117233.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 28

On or about April 4, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm,

that is, a Glock, Model 21, .45 caliber pistol, bearing serial number XXL616, a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP00604, and a KELTEC, Model PMR30, .22 caliber pistol, bearing serial number WWEH34, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 29

On or about April 8, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a Glock, Model 21, .45 caliber pistol, bearing serial number XXL616, a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP00604, and a KELTEC, Model PMR30, .22 caliber pistol, bearing serial number WWEH34.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 30

On or about April 17, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** in connection with the acquisition of a firearm, that is, a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP10468, and a Taurus, Model PT738, .380 caliber pistol, bearing serial number 01930F, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 31

On or about April 17, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP10468, and a Taurus, Model PT738, .380 caliber pistol, bearing serial number 01930F.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 32

On or about May 2, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG**, in connection with the acquisition of a firearm, that is, an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 16335857, from River City Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to River City Firearms, which was intended and likely to deceive River City Firearms, as to a fact material to the lawfulness of such sale of the firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

COUNT 33

On or about May 8, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 16335857.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 34

On or about May 17, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG,** being an unlawful user of a controlled substance as defined in 21 United States Code Section 802, did knowingly possess, in and affecting commerce, a firearm, that is, an Anderson Manufacturing, Model AM-15, multi-caliber rifle, bearing serial number 17011353.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

The Grand Jury further charges:

COUNT 35

From on or about September 25, 2016 through the present, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

The Grand Jury further charges:

COUNT 36

Between on or about October 20, 2016 through December 7, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **SHELBY STRONG**, with the intent to engage in the business of dealing in firearms, traveled from Kentucky to Indiana and acquired, or

attempted to acquire, a firearm in Indiana in furtherance of his purpose to engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Section 924(n).

The Grand Jury further charges:

COUNT 37

Between on or about February 25, 2016, and on or about April 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **SHELBY STRONG AND DERRICK HAMMOND,** each aided and abetted by the other, sold and disposed of a firearm, that is, a Taurus, PT 809, 9 millimeter pistol, bearing serial number TJW83525, to CHICOBY SUMMERS, knowing and having reasonable cause to believe that CHICOBY SUMMERS had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

The Grand Jury further charges:

COUNT 38

Between on or about March 6, 2017 and on or about April 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **SHELBY STRONG AND DERRICK HAMMOND,** each aided and abetted by the other, sold and disposed of a firearm, that is, a Taurus, PT 809, 9 millimeter pistol, bearing serial number TJY69069, to CHICOBY SUMMERS, knowing and having reasonable cause to believe that CHICOBY SUMMERS had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

The Grand Jury further charges:

COUNT 39

Between on or about February 25, 2017 and on or about June 27, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **SHELBY STRONG AND DERRICK HAMMOND,** each aided and abetted by the other, sold and disposed of a firearm, that is, a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551, to JERLEN HORTON, knowing and having reasonable cause to believe that JERLEN HORTON had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

The Grand Jury further charges:

COUNT 40

Between on or about February 25, 2017 and on or about May 12, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **SHELBY STRONG AND DERRICK HAMMOND,** each aided and abetted by the other, sold and disposed of a firearm, that is, a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775, to JERLEN HORTON, knowing and having reasonable cause to believe that JERLEN HORTON had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 922(g)(1), as alleged in Counts 1-5 of this Indictment, a felony punishable by imprisonment for

more than one year, the defendant, **CHICOBY SUMMERS**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Taurus, Model PT809, 9 millimeter pistol with serial number TJY69069; a Taurus, Model PT 809, 9 millimeter pistol with serial number TJW83525; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV053161; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV045470; and ammunition.

As a result of committing an offense in violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1, 6-9, of this Indictment, a felony punishable by imprisonment for more than one year, the defendant, **JERLEN HORTON,** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775; and a Glock Model 19, 9 millimeter pistol, bearing serial number BBVZ551 and ammunition.

As a result of committing an offense in violation of Title 18, United States Code, Section 842(i)(1), as alleged in Count 9 of this Indictment, the defendant **JERLEN HORTON**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 844(c)(1), and Title 28, United States Code, Section 2461, all explosive materials involved in the commission of the offense, including two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g, 3 inch display shells; and one Legend, 1.3g, 4 inch TI Salute shell.

As a result of committing an offenses in violation of Title 18, United States Code, Section 922, as alleged in this Indictment, felonies punishable by imprisonment for more than one year,

the defendant, **SHELBY STRONG**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Mossberg, Model 715T, .22 caliber rifle, bearing serial number EK13280311; a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP10468; a Taurus, Model PT738, .380 caliber pistol, bearing serial number 01930F; an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 16335857; an Anderson Manufacturing, Model AM-15, multi-caliber rifle, bearing serial number 17011353; a Standard Manufacturing, Model DP 12, 12 gauge shotgun, bearing serial number DP03992; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310293; an SCCY, Model CPX2, 9 millimeter pistol, bearing serial number 372582; an FNH, Model Five Seven, 5.7 x 28 caliber pistol bearing serial number 386310322; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ055496; a Zastava, Model PAP M92PV, 7.62 caliber rifle, bearing serial number M92PV064626; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310119; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JX108653; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ059685; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26405; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22247; a Glock, Model 29, 10 millimeter pistol, bearing serial number BCNA646; a Diamondback Arms, Model DB-15, 5.56 millimeter caliber pistol, bearing serial number DB-1826354; a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJX19309; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26406; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TKN84123; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JY117233; a Glock, Model 21, .45 caliber pistol, bearing serial number XXL616; a

CANIK, Model TP-9, 9 millimeter pistol, bearing serial number 16AP00604; a KELTEC, Model PMR30, .22 caliber pistol, bearing serial number WWEH34; and ammunition.

A TRUE BILL.

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:EGM

UNITED STATES OF AMERICA v. **CHICOBY SUMMERS ET. AL.**

## PENALTIES

Count: 1 NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 2 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 3 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 4 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 5 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 6 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 7 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 8 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 9 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 10 NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 11 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 12 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 13 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 14 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 15 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 16 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 17 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 18 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 19 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 20 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 21 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 22 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 23 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 24 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 25 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 26 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 27 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 28 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 29 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 30 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 31 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 32 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 33 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 34 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 35 NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 36 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 37 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 38 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 39 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count: 40 NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

### SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

### FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 3:17CR-68-TBR

# UNITED STATES DISTRICT COURT

Western District of Kentucky
At Louisville

THE UNITED STATES OF AMERICA

vs.

CHICOBY SUMMERS; SHELBY STRONG;

JERLEN HORTON; DERRICK HAMMOND;

LAKESHIA WATTS

## INDICTMENT

**Title 18 U.S.C. §§ 371; 922(g)(1); 924(a)(2); 842 (i)(1); 844(a); 1512(c)(2); 1512(k); 922(g)(3); 922(a)(6); 922(a)(1)(A); 923(a); 924(a)(1)(D); 924(n); 922(d):**

**Conspiracy to Possess a Firearm by a Prohibited Person; Felon in Possession of Firearms and Ammunition; Receipt and Possession of Explosive Materials by a Convicted Felon; Conspiracy to Corruptly Obstruct, Influence, and Impede an Official Proceeding; Possession of Firearms by an Unlawful User of a Controlled Substance; Making False and Fictitious Written Statements in Connection with the Acquisition of Firearms; Unlicensed Dealer Engaging in the Business of Dealing in Firearms; Acquiring a Firearm, in Another State, with the Intent to Engage in the Business of Dealing in Firearms; Aiding and Abetting; Selling and Disposing of Firearms to a Convicted Felon.**

*A true bil*

*on*

*Filed in open court this 21st day*, of November, 2017.

*Clerk*

FILED
VANESSA L. ARMSTRONG, CLERK
NOV 21 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

*Bail, $*