UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-68-TBR

UNITED STATES OF AMERICA,                                                   PLAINTIFF

v.

CHICOBY SUMMERS, et al.,                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Motion by Defendant Chicoby Summers ("Summers") to sever the five Counts in the Indictment against him from those of his co-Defendants in this case. [DN 102.] The United States has responded, [DN 110], Summers has replied, [DN 112], and the United States has filed a Surreply with leave of the Court. [DN 114.] This matter is ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that Summers' Motion [DN 102] is **GRANTED in part and DENIED in part.**

**I. Factual Background**

This case arises out of a series of events occurring in early 2017, wherein law enforcement officers executed two separate search warrants in pursuit of "[m]arijuana and any other controlled substances in violation of KRS 218A," as well as drug-related paraphernalia. [DN 48-2, at 10.] The first search warrant at issue was for 9200 Bunsen Park Drive, Building 1, Apartment 208 in Louisville, Kentucky. [*Id.* at 9.] This warrant was executed on February 6, 2017. [*Id.* at 11.] The second search warrant covered the same type of contraband, also including heroin, and was for 7924 Zelma Fields Avenue in Louisville, Kentucky. [*Id.* at 2.] This warrant was executed on April 12, 2017. [*Id.* at 7.] These two searches, along with a separate incident in which Summers fled from police in his vehicle, allegedly produced, among other illicit items,

1

three firearms. These three firearms provide the basis for the United States' first indictment of Summers for being a person convicted of a felony, in possession of a firearm.

In the indictment, the United States noted that Summers was convicted of Trafficking in a Controlled Substance First Degree and Tampering with Physical Evidence in Jefferson County, Kentucky Circuit Court in 2014. [DN 8, at 1.] The indictment went on to allege that Summers illegally possessed three firearms: "a Taurus 9-millimeter handgun bearing serial number TJY69069, and ammunition," a second Taurus 9-millimeter handgun bearing serial number TJW83525," and a Zastava 7.62-caliber pistol, Model PAP M92PV, with serial number M92PV053161. [*Id.* at 1-2.]

On November 21, 2017, a Superseding Indictment was filed. [DN 53.] This supplanted the initial Indictment against Summers. The Superseding Indictment contains forty Counts, and adds four new Defendants to the action: Shelby Strong ("Strong"), Jerlen Horton ("Horton"), Derrick Hammond ("Hammond"), and Lakeshia Watts ("Watts"). [*See id.*] The Superseding Indictment paints a picture of an alleged conspiracy to legally purchase firearms from licensed stores in the area and then turn them over to gang members unable to purchase said firearms due to previous felony convictions. [*See id. See also* DN 110.] Summers is charged in the Superseding Indictment in Counts (1) – (5). [DN 53, at 1-6.] Count One charges Summers with Conspiracy to Possess a Firearm by a Prohibited Person. [*Id.* at 1-4.] Counts Two, Three, and Four restate the three previous charges of being a person convicted of a felony in possession of a firearm and/or ammunition that were set out in the original Indictment against Summers. [*Id.* at 5-6.] Finally, Count Five is a new charge of being a person convicted of a felony in possession of a firearm and/or ammunition. [*Id.* at 6.] This fourth firearm is listed as "a Zastava, 7.62 caliber pistol, Model PAP M92PV, bearing serial number M92PV045470…." [*Id.*] Due to the addition

of Strong, Horton, Hammond, and Watts, and the lengthy Superseding Indictment filed over seven months after the original one, Summers has now moved to be severed from this action.

## II. Legal Standard

Federal Rule of Criminal Procedure 8(b) provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Additionally, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id.* Relatedly, Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

## III. Discussion

In support of the instant Motion to Sever, Summers presents two key arguments: first, he argues that, pursuant to Rule 8(b), the five Counts against him and the remaining thirty-five Counts "are not sufficiently related to be joined in one Indictment," thereby requiring his severance from the current action. [DN 102, at 2.] Second, Summers argues that, even if the joinder of all forty Counts against the five Defendants is procedurally proper, he "would be prejudiced by having the counts joined" under Rule 14(a), and the Court should sever him from the current action. [*Id.*] The Court will address each of these arguments in turn.

As the Supreme Court has made clear, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Such joint trials "promote efficiency and 'serve the interests

of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting *Richardson*, 481 U.S. at 210). The crucial question in the analysis of whether joinder of multiple defendants is procedurally proper under Rule 8(b) is whether these named individuals "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In this case, that means this Court must ask the question of whether Summers participated in the same act or transaction, or series of acts or transactions, constituting an offense or offenses as Strong, Horton, Hammond, and Watts. The Court is satisfied that joinder of Summers to the instant action comports with the requirements of Rule 8(b) with respect to three of the five Counts against him. Accordingly, Courts Four and Five of the Superseding Indictment must be severed from the instant case.

It is clear from the Superseding Indictment that, of the five Counts with which Summers has been charged, three relate directly to the same series of acts or transactions that underpin the Superseding Indictment. Those are: Count One for conspiracy to possess firearms by a prohibited person, and Counts Two and Three for being a person convicted of a felony in possession of a firearm and ammunition. As the Sixth Circuit made plain in *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985), "[a] group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." "Logical interrelation" has been held to be sufficient not only in the Sixth Circuit, but also in the Eleventh, Seventh, and Nine Circuits. *See United States v. Corbin*, 734 F.2d 643 (11th Cir. 1984); *United States v. Cavale*, 688 F.2d 1098 (7th Cir. 1982), *cert. denied*, 459 U.S. 1018 (1982); *United States v. Ford*, 632 F.2d 1354 (9th Cir. 1980). And the Federal Rules of Criminal Procedure are "construed to favor joinder in order to promote judicial economy." *Johnson*, 763 F.2d at 776 (citing *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) and *United States v. Franks*, 511 F.2d 25, 28-29 (6th

Cir. 1975), *cert. denied*, 422 U.S. 1042 (1975)). The case law, then, shows that Summers' joinder to the instant case is appropriate with respect to Counts One, Two, and Three. Count One is a conspiracy charge which provides the underpinnings of the entire Superseding Indictment, and certainly qualifies as an alleged "common scheme or plan." *See Johnson*, 763 F.2d at 776. Likewise, Counts Two and Three, both charging Summers with being a person convicted of a felony in possession of a firearm, stem from a "common scheme or plan," in that both firearms' serial numbers are linked by the United States in the Indictment to the overall conspiracy to provide firearms to prohibited persons. [*See* DN 53, at 3-6.] There is a clear "logical interrelation" between Summers' alleged possession of these two firearms and the broader conspiracy alleged by the United States to have taken place. *See Johnson*, 763 F.2d at 776. Joinder of these three Counts is correct under Rule 8(b).

Where the Court takes issue with the joinder of Summers in the Superseding Indictment is with respect to Counts Four and Five. These two Counts against Summers also charge him with being a person convicted of a felony in possession of a firearm and ammunition. [DN 53, at 6-7.] Notably though, neither of these two firearms has been linked to the overall conspiracy that is the subject of this Superseding Indictment. Stated another way, unlike the first two Counts against Summers, no connection has been made with respect to the other two guns (from Counts Four and Five), which would suggest a "common scheme or plan." *See Johnson*, 763 F.2d at 776. Nor has the United States shown or alleged a "logical interrelation" between these two Counts and the overall conspiracy. *See id.* Such a demonstration by the United States would go to establishing that these two Counts were part of "the same series of acts or transactions" like the other Counts against Summers. *See* Fed. R. Crim. P. 8(b). As the Sixth Circuit has explained, "[j]oinder is permissible in a conspiracy count and substantive counts arising out of the

5

conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetuate some illegal activity." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006).

To be sure, there is no requirement that all defendants be charged with every act of their co-defendants. *see* Fed. R. Crim. P. 8(b), but that is not the precise issue with which the Court deals here. Rather, no connection at all has been made between Counts Four and Five and the overarching conspiracy which underpins the Superseding Indictment, or the other Defendants who have been added to the action by virtue of that Indictment. Certainly, Summers need not be charged with everything that Horton, Hammond, Strong and Watts are, but the commonality element of this Indictment relates to the conspiracy in which these individuals allegedly engaged. The United States linked the firearms in Counts Two and Three to the alleged common scheme or plan undertaken by these individuals, but not the firearms in Counts Four and Five. As such, the Court finds that joinder of these two claims is improper under Rule 8(b). Thus, the Court will order them severed from the instant action.

The next question is whether any of the Counts with which Summers has been charged should be severed under Rule 14(a), even though joinder of them to the present action is procedurally proper under Rule 8(b). As noted above, Rule 14(a) permits the Court to sever a defendant or defendants from an action where there is a risk of prejudice. Fed. R. Crim. P. 14(a). Importantly though, "the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982) (internal citations omitted). Moreover, "[a] defendant is not entitled to a severance simply because the proof is greater against a co-defendant." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993) (citing *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir.

1992)). Indeed, "[w]hen a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice, and the denial of a motion to sever will be overruled on appeal only for a clear abuse of discretion." *Id.* (citing *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987), *cert. denied*, 486 U.S. 1034 (1988)).

"Rules 8(b) and 14 are designed…to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro*, 506 U.S. at 540 (internal citations omitted). As the Supreme Court has noted, "[w]hile an important element of a fair trial is that a jury consider *only* relevant and competent evidence bearing on the issue of guilt or innocence…, a fair trial does not include the right to exclude relevant and competent evidence." *Id.* (internal citations omitted). In the end, "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Id.* at 541.

Here, Summers argues, among other things, that prejudice would result from being subjected to a trial for which there is a 40-Count Indictment rather than the original Indictment against Summers, which only had three Counts. The cumulative effect of this, Summers argues, necessitates his severance from the other Defendants. However, "[t]he Sixth Circuit repeatedly has…[held] that a likely disparity in the quantity and quality of evidence against co-defendants does not merit separate trials." *United States v. Ledbetter*, 137 F. Supp.3d 1042, 1053-54 (S.D. Ohio 2015) (citing *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006)). Thus, the sole fact that numerous Defendants and thirty-five new Counts have been added to the action cannot, in and of itself, warrant Summers' severance from this action.

"The Supreme Court…has acknowledged that '[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice

7

is heightened.'" *Id.* at 1053 (quoting *Zafiro*, 506 U.S. at 539). However, "it is equally 'well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate cases.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539). Moreover, "even where there is some risk of prejudice, 'it is [often] of the type that can be cured with proper [limiting] instructions,' which 'juries are presumed to follow.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539).

Thus, insofar as Summers argues that the majority, or even the vast majority, of the evidence presented at a trial involving himself and the four newly-added Defendants will pertain not to him but to his co-Defendants, this argument must fail due to the above-cited case law. A limiting instruction is the preferred remedy for the potential dangers of "spill-over" evidence, and the jury's competence and ability to differentiate between defendants and Counts is presumed. The Court declines to interfere with this presumption here, especially when the United States has provided overt links between the remaining three Counts against Summers and the overarching conspiracy alleged to have occurred in this case. In the instant Motion, Summers provides no specific facts regarding precisely *how* he would be prejudiced, at the substantive level, by being tried with these co-Defendants, only stating that "[t]here is also the danger of unfair prejudice that comes from being tried by a jury in a 40-count Indictment rather than in a three-count Indictment." [DN 102, at 3.] This argument lacks the grounding and specificity necessary to warrant a severance of the remaining three Counts.

Summers also argues that, procedurally, forcing him to stand trial with the newly-added Defendants would constitute prejudice sufficient to severe him. [*Id.* at 2-3.] Specifically, Summers argues that his right to a speedy trial has been interfered with, due to the Superseding Indictment. The Court understands that The Speedy Trial Act provides many protections to

persons charged with crimes. For example, The Speedy Trial Act "requires that a defendant be brought to trial within 70 days of his indictment or initial appearance in court, whichever is last." *United States v. Tinson*, 23 F.3d 1010, 1012 (6th Cir. 1994) (citing The Speedy Trial Act, 18 U.S.C. § 3161(c)(1)). Of course, The Speedy Trial Act "also permits certain exclusions from the time computation." *Id.* (citing 18 U.S.C. § 3161(h)). Additionally, the Sixth Amendment, too, guarantees defendants a right to a speedy trial. *Id.* at 1013. Crucially though, the initial Indictment, filed only as against Summers, was superseded by an Indictment filed with the Court on November 21, 2017. [DN 53.] And as the United States correctly pointed out, the Superseding Indictment rendered the original Indictment virtually irrelevant here.

Summers argues that, in *Sylvester v. United States*, 868 F.3d 503 (6th Cir. 2017), the Sixth Circuit endorsed the notion that the Speedy Trial Act clock does not restart upon the filing of a superseding indictment insofar as it relates to those counts included in the original indictment:

> Notably, the [Speedy Trial] Act does not provide for a resetting of the Speedy Trial Clock for existing charges where the government has filed a superseding indictment adding new charges to existing ones….Although this Circuit has not addressed this issue directly, the majority of our sister circuits have held that the filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment.

*Sylvester*, 868 F.3d at 508. However, the two superseding indictments at issue in *Sylvester* did not add co-defendants: the first one "chang[ed] the wording in counts one and two to reflect that [the Defendant] Sylvester 'knowingly' possessed the drug referenced in the indictment," and the second one "add[ed] a charge for knowing possession of a firearm in furtherance of a federal drug-trafficking crime…." *Id.* at 506.

As the Sixth Circuit explained in *United States v. Taylor*, 489 F. App'x 34, 49 (6th Cir. 2012), The Speedy Trial "Act excludes '[a] reasonable period of delay when the defendant is

9

joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" *Id.* (quoting 18 U.S.C. § 3161(h)(6)). And "[b]ecause this excluded delay may be ascribed to all defendants who are joined for trial, all defendants generally fall within the speedy-trial computation of the last one joined." *Id.* (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989)). Moreover, "[t]he excludable delay of one co-defendant may be ascribed to all defendants." *Blackmon*, 874 F.2d at 380 (citing *United States v. Dennis*, 737 F.2d 617 (7th Cir. 1984) and *United States v. Zielie*, 734 F.2d 1447 (11th Cir. 1984)).

The Court concurs with the United States' reading of the issue. When the United States filed the Superseding Indictment against Summers, adding Horton, Hammond, Strong, and Watts to the case, it rendered the original Indictment irrelevant on this question. This is because, on November 21 when the Superseding Indictment was filed, Summers' Speedy Trial clock became that of his co-Defendants, Horton, Hammond, Strong, and Watts. These last four individuals were added at the same time, in the same document, and in the most recent Indictment. Therefore, consistent with *Taylor* and *Blackmon*, explained above, Summers' new Speedy Trial computation with respect to the three remaining Counts has merged with the "last one joined" to the case; here, that means the four above-named new Defendants.

In sum, the Court has determined that, pursuant to Rule 8(b), Counts Four and Five against Summers, respectively, are not properly joined in this action and, accordingly, must be severed from the case. However, the Court has further determined that Counts One, Two, and Three of the Superseding Indictment are procedurally proper, and that Rule 14(a) does not warrant severing them from this action.

## IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Summers' Motion [DN 102] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Counts Four and Five of the Superseding Indictment [DN 53] must be severed from the current action.

**IT IS SO ORDERED.**

cc:	Counsel of Record