UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-68-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

SHELBY STRONG, et al.,                                                      DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Motion by Defendant Shelby Strong ("Strong") to declare this case complex. [DN 95.] The United States has responded, [DN 105], as has one of Strong's co-defendants, Chicoby Summers ("Summers"). [DN 99.] This matter is now ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that Strong's Motion [DN 95] is **GRANTED.**

**I. Background**

This case arises out of an alleged conspiracy amongst various individuals, including Strong, to purchase firearms in Kentucky and Indiana for resale and/or distribution to individuals prohibited from possessing firearms due to past felony convictions. [DN 53.] In a forty-count Superseding Indictment filed by the United States on November 21, 2017, Strong was charged in thirty-one of them. [*See id.*] Strong has been charged with one count of conspiracy to possess a firearm by a prohibited individual; thirteen counts of being an unlawful user of a controlled substance while in possession of a firearm; eleven counts of making a false and fictitious written statement intended to deceive a firearms dealer regarding substance abuse in purchasing a firearm; one count of dealing in firearms by an unlicensed seller; one count of traveling across

state lines with the intent to deal in firearms; and four counts of aiding and abetting the sale and disposal of a firearm to a person previously convicted of a felony. [*See generally id.*]

The Superseding Indictment also includes charges against four other individuals: Summers, Jerlen Horton ("Horton"), Derrick Hammond ("Hammond"), and Lakeshia Watts ("Watts"). [*See id.*] Summers has been charged in five counts, two of which were recently severed from this action. [*See* DN 117 (this Court granting in part and denying in part Summers' Motion to Sever).] The three remaining counts against Summers are as follows: one for conspiracy to possess a firearm by a prohibited individual, and two for being a person convicted of a felony in possession of a firearm and ammunition. [*See* DN 53, at 1-6.] Horton is charged in six counts: one for conspiracy to possess a firearm by a prohibited individual, three counts of being a person convicted of a felony in possession of a firearm, one count of being a person convicted of a felony in possession of explosive materials, and one count of obstruction of justice. [*See id.* at 7-9.] Hammond is charged in six counts: one for conspiracy to possess a firearm by a prohibited individual, one count of obstruction of justice, and four counts of aiding and abetting the sale and disposal of a firearm to a person previously convicted of a felony. [*See id.* at 3-4, 9, 23-24.] Watts is charged in two counts: one for conspiracy to possess a firearm by a prohibited individual, and one for obstruction of justice. [*See id.* at 3-4, 9.]

With five defendants and thirty-eight counts remaining in the Superseding Indictment, Strong has now asked the Court to declare this matter complex under the Speedy Trial Act. [*See* DN 95.]

## II. Legal Standard

"[T]he Speedy Trial Act comprehensively regulates the time within which a trial must begin," and also provides "numerous categories of delay that are not counted in applying the

2

Act's deadlines." *Zedner v. United States*, 547 U.S. 489, 500 (2006). For example, it "requires that a trial commence within seventy days of the filing date or the date the defendant appeared before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1)." *United States v. Stone*, 461 F. App'x 461, 463 (6th Cir. 2012). However, while the 70-day maximum is a hard and fast rule, as the *Zedner* Court noted, there are numerous instances in which that timeline is tolled, one of which is the situation where a case is deemed to be "complex." Pursuant to 18 U.S.C. § 3161(h)(7)(A), an exclusion is allowed for periods of "delay resulting from a continuance granted by any judge…if…on the basis of his finding that the ends of justice served…outweigh the best interest of the public and the defendant in a speedy trial." One of the issues the court may consider in deciding whether this is necessary is "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Before granting a so-called "ends-of-justice continuance," "a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel." *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012). Importantly, if done, the court's findings must be set forth, either orally or in writing, in the record of the case. 18 U.S.C. § 3161(h)(7)(A).

### III. Discussion

In the present action, Strong has asked this Court to make a determination that this case is so complex that it would be unreasonable to expect him, any of his co-defendants, or the United States, to be adequately prepared for pretrial proceedings or for the trial. [DN 95.] *See also* 18 U.S.C. § 3161(h)(7)(B)(ii). This statutory provision directs the Court's attention to three specific

factors, which should be analyzed in determining whether an action is "complex" under the meaning of the Speedy Trial Act: (1) "the number of defendants," (2) "the nature of the prosecution," and (3) "the existence of novel questions of fact or law…." 18 U.S.C. § 3161(h)(7)(B)(ii).

There are five defendants in the present action: Strong, Summers, Horton, Hammond, and Watts. [*See* DN 53.] This alone, of course, is insufficient to deem this case "complex" under the Speedy Trial Act. However, that there are numerous defendants named in the Superseding Indictment *does* inform this Court's decision, and contributes to its ultimate conclusion that this matter should be deemed complex. Where the true complexity lies is with the second factor: "the nature of the prosecution." *See* 18 U.S.C. § 3161(h)(7)(B)(ii). In his Motion, Strong argues that "the time period of the [alleged] conspiracy," and counsel's anticipation of "substantial discovery" lends itself to the notion that this is a complex case. [*See* DN 95, at 1.] The Court agrees. In the Background section, *supra*, the Court explained the thirty-eight counts remaining in this Superseding Indictment, and the various charges which have been levied against each of the five defendants.

This case involves an alleged conspiracy by Strong, Summers, Horton, Hammond, and Watts to purchase firearms and ammunition from licensed firearms dealers in Kentucky and Indiana and later resell and/or distribute these firearms to individuals such as Summers and Horton, individuals who had previously been convicted of a felony and were thereby prohibited from possessing such items. [*See* DN 53.] The charges in this case range from conspiracy charges against all five individuals, to firearms and explosive materials possession by prohibited individuals, aiding and abetting the illegal sale of firearms, traveling across state lines to illegally purchase firearms, making false and fictitious statements regarding drug use in connection with

4

purchasing firearms, and obstruction of justice. [*See id.*] Some charges include multiple defendants, others are only against one. In short, the Superseding Indictment paints a very complex picture, so much so that the United States in its Response to the instant Motion stated that it has no objection to the case being declared complex under 18 U.S.C. § 3161(h)(7)(B)(ii). [*See* DN 105, at 1.]

However, in addition to the numerous overlapping counts against one or more of the five defendants, the crucial component of this case that has lead this Court to the determination that it is properly categorized as complex is the varying dates and locations during which time these crimes allegedly occurred. For example, Strong has been charged with thirty-one counts in the Superseding Indictment, and there are more than twenty different dates during which time these crimes allegedly occurred. [*See* DN 53.] Moreover, the time-frame spans from September 2016 to May 2017, or roughly nine months. [*See id.*] And many of these instances relate to firearm purchases allegedly made by Strong on many different dates. This means that there are likely numerous witnesses possessing different information, and much more discovery to be had.

To be clear, no one fact has forced the Court to reach the conclusion that this case should be declared complex. Instead, in examining all of the circumstances surrounding this case and the Superseding Indictment, it has become clear to the Court that a decision should be rendered to that effect. The number of defendants (five), the time period of the alleged conspiracy (roughly nine months), the number of charges remaining in the Superseding Indictment (thirty-eight) and, perhaps most importantly, the relationship of these charges to each other and to each of the five co-defendants, renders the decision to declare this case complex a straightforward one.

In his Response in opposition to the instant Motion, Summers points to two facts which, in his view, should prevent this case being declared a complex one: (1) Summers has been in custody since April 13, 2017 and was ready to proceed to trial on the original date scheduled: December 11, 2017; and (2) Summers cites to his then-anticipated Motion to Sever as cause for his separation from this action because the charges against him alone are not complex. First, with respect to Summers' continued incarceration, the Court is sensitive to the fact that its declaration that this case is complex will lengthen Summers' term of pretrial confinement, but that alone is not a reason for this Court to ignore the obvious complexities with which it has been presented in this case. Indeed, to rule that this case is not complex would be to provide the wrong answer to what the Court sees as a relatively straightforward question. Moreover, the original trial date was vacated due to the Superseding Indictment. [*See* DN 53.] This case would have proceeded to trial against Summers on December 11, 2017 were it not for the Superseding Indictment. Importantly though, that original trial date was only as against Summers and his original co-defendant, Roman Brown, who had already pled guilty to the charges against him. Thus, the December 11, 2017 trial date was for three felon-in-possession charges only against Summers. By way of contrast, the Superseding Indictment presents thirty-eight charges against five different defendants. This differs substantially from the original case against only Summers.

With respect to Summers' second argument, when he filed his Response in opposition to the instant Motion, he had not yet filed the aforementioned Motion to Sever. However, he subsequently did file that Motion, and this Court granted it in part and denied it in part. [*See* DN 117.] Still attached to the present action are three charges against Summers, as well as thirty-five other charges against his four co-defendants. Thus, the fact that he is ready for trial does not ultimately bear upon the Court's analysis of whether the case is a complex one. The two charges

against him which have been severed are no longer relevant to this action and the Court refuses to ignore the complex nature of this case simply because one of the defendants has been a part of the action longer and has declared himself ready to proceed.

### IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Strong's Motion to Declare Complex [DN 95] is **GRANTED.** The Court hereby finds this case to be complex for purposes of the Speedy Trial Act.

The Court has a telephonic further proceedings in this case scheduled for February 2, 2018 at 1:00 p.m. Eastern Standard Time. The Court will discuss the status of the production of discovery and further scheduling matters at that time.

**IT IS SO ORDERED.**

cc:     Counsel of Record