FILED
VANESSA L. ARMSTRONG
AUG 24 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 3:17-CR-068-TBR

CHICOBY SUMMERS            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, CHICOBY SUMMERS, and his attorney, Rob Eggert, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Section 371 (COUNT ONE); 922(g)(1)(COUNTS 2-5). Defendant further acknowledges that the Indictment in this case seeks forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Taurus, Model PT809, 9 millimeter pistol with serial number TJY69069; a Taurus, Model PT 809, 9 millimeter pistol with serial number TJW83525; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV053161; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV045470; and ammunition, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2-5 of the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Count 1:** Between February 25, 2017, and on or about April 12, 2017, in the Western District of Kentucky, the defendant knowingly conspired with his codefendants to obtain firearms which he was prohibited from possessing under 18 U.S.C. 922(g)(1).

**Count 2:** On or about April 12, 2017, in the Western District of Kentucky, the defendant knowingly possessed a firearm, that is, a **Taurus, Model PT809, 9 millimeter pistol with serial number TJY69069**, which had been shipped in and affecting interstate commerce. Prior to this date, the defendant had been convicted of Trafficking in a Controlled Substance in the First Degree (<4 grams of cocaine), a felony offense, in Jefferson County Circuit Court, Case Number 13-CR-3015.

**Count 3:** On or about April 12, 2017, in the Western District of Kentucky, the defendant knowingly possessed a firearm, that is, a **Taurus, Model PT809, 9 millimeter pistol with serial number TJW83525 and ammunition**, which had been shipped in and affecting interstate commerce. Prior to this date, the defendant had been convicted of Trafficking in a Controlled Substance in the First Degree (<4 grams of cocaine), a felony offense, in Jefferson County Circuit Court, Case Number 13-CR-3015.

**Count 4:** On or about April 12, 2017, in the Western District of Kentucky, the defendant knowingly possessed a firearm, that is, a **Zastava, Model PAP M92PV, 7.62 caliber pistol with serial number M92PV053161 and ammunition**, which had been shipped in and affecting interstate commerce. Prior to this date, the defendant had been convicted of Trafficking in a Controlled Substance in the First Degree (<4 grams of cocaine), a felony offense, in Jefferson County Circuit Court, Case Number 13-CR-3015.

**Count 5:** On or about February 6, 2017, in the Western District of Kentucky, the defendant knowingly possessed a firearm, that is, a **Zastava, Model PAP M92PV, 7.62 caliber pistol, with serial number M92PV045470 and ammunition**, which had been shipped in and affecting interstate commerce. Prior to this date, the defendant had been convicted of Trafficking in a Controlled

Substance in the First Degree (<4 grams of cocaine), a felony offense, in Jefferson County Circuit Court, Case Number 13-CR-3015.

4. Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of forty-five years, a combined maximum fine of $1,250,000, and a three year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant

3

would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

  8. The parties agree that restitution is not an issue in this case.

  9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $500 to the United States District Court Clerk's Office by the date of sentencing.

  10. At the time of sentencing, the United States will

> -agree that a sentence of no more than 57 months is the appropriate disposition of this case.
>
> -agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b)is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or

otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of all firearms and ammunition, as set forth in paragraph 1 and 13.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

   A. The Applicable Offense Level should be determined as follows:

   | | | |
   |---|---|---|
   | U.S.S.G. §2K2.1(a)(3) | Base Offense Level | 22 |
   | U.S.S.G. §2K2.1(b)(1)(a) | Number of Firearms | +2 |
   | U.S.S.G. §3C1.2 | Reckless Endangerment | +2 |
   | U.S.S.G. §3E1.1 | Acceptance of Responsibility | -3 |
   | | **Adjusted Offense Level** | **23** |

   B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant

specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13. Defendant agrees to the forfeiture of any and all firearms and ammunition, including but not limited to a Taurus, Model PT809, 9 millimeter pistol with serial number TJY69069; a Taurus, Model PT 809, 9 millimeter pistol with serial number TJW83525; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV053161; and a Zastava, Model PAP M92PV, 7.62 caliber pistol, bearing serial number M92PV045470.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____     _8/24/18_____
Erin McKenzie                          Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     _8/24/18_____
Chicoby Summers                        Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     _8/24/18_____
Rob Eggert                             Date
Counsel for Defendant

RMC:EGM08212018

8

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number: _____

_____

Name of Person Completing Form:

_____
First                          Middle                          Last

My Signature: _____ Date: _____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1